## MARTIN *v.* PARDEE.

MORTGAGES—GOOD-FAITH PURCHASER—UNRECORDED DEED—QUIETING
TITLE.

> In a suit to quiet title to land deeded to defendant by
> sheriff's deed under a foreclosure sale of a mortgage,
> where it appears that defendant was a good-faith pur-
> chaser and that the unrecorded deed to plaintiffs under
> which they claimed title was made subject to the mort-
> gage later foreclosed, a decree for defendant was justified.

Appeal from Tuscola; Collingwood (Charles B.), J.,
presiding.    Submitted April 18, 1923.    (Docket No.
83.)    Decided June 4, 1923.

Bill by John Wesley Martin and others against Peter
C. Pardee to quiet title to land.    From a decree for
defendant, plaintiffs appeal.    Affirmed.

*Kinnane & Leibrand,* for plaintiffs.

*Wixson & Quinn (John C. Hewitt,* of counsel), for
defendant.

MOORE, J.    Plaintiffs filed the bill of complaint in
this case to quiet title to certain real estate, under the
claim that on October 24, 1912, appellant was the
owner in fee of the premises mentioned in the bill of
complaint; that on that date Franklin H. Martin con-
veyed the premises to plaintiffs, which conveyance
was not recorded; that the defendant placed of record
on September 22, 1919, a sheriff's deed running to him
as grantee executed under a foreclosure sale of a mort-
gage for $4,000, owned by The Gleaners, which mort-
gage plaintiffs aver was executed at a time when the
mortgagors had no interest or title in the premises;

and the bill asks that the sheriff's deed to defendant be set aside, and that an injunction issue to restrain the defendant from interfering with the claimed possession of plaintiffs, John W. Martin and Mary E. Martin. The defendant answered the bill of complaint denying all material averments therein contained, and under a cross-bill, incorporated with his answer, averred that the plaintiffs were falsely and fraudulently asserting claim of title to the premises under a false, spurious and undelivered deed, and that defendant was the owner of the property by virtue of the mortgage foreclosure, and prayed title to the premises might be quieted and the plaintiffs be barred from asserting title to the premises or any interests therein, and that defendant be decreed to be the absolute owner thereof. The cross-bill was answered by plaintiffs by a reassertion of their claims advanced under the bill, attaching to such answer to the cross-bill a declaration in ejectment and asking that the cause be transferred to the law side of the court and that defendant be required to plead to such declaration. After a hearing the original bill of complaint was dismissed and the relief prayed in the cross-bill was granted. The case is here by appeal.

It is said that John Wesley Martin is the only person now prosecuting the appeal. There is a great deal of testimony in the record that is not germane to the issue raised by the pleadings in the case. There is also in this court much discussion of questions of fact and law not covered by the pleadings in the case and the issues therein stated.

We quote from the conveyance through which plaintiffs claim an interest in the land:

'This indenture made this twenty-fourth day of October in the year of our Lord, one thousand nine hundred and twelve between Franklin H. Martin and Mary E. Martin, his wife, of Kingston, Michigan, of the first part and Pearl L. Martin, John D.

Martin, Ruth L. Martin, Marion M. Martin and Ralph H. Martin of Kingston, Michigan, of the second part.   *   *   *

"Parties of the first part reserves the entire use and control of the above described premises unto Mary E. Martin and John Wesley Martin during the natural lifetime of either.

"It is understood that this deed is not to be recorded until after the death of Franklin H. Martin.   *   *   *

"And the said Franklin H. Martin and Mary E. Martin, his wife, parties of the first part, for themselves, their heirs, executors and administrators, does covenant, grant, bargain and agree to and with the said parties of the second part their heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the above granted premises in fee simple, that they are free from all incumbrances whatever except mortgage of five thousand dollars."

It will be noticed that John Wesley Martin is not named as a grantee, and that the conveyance was not to be recorded until after the death of Franklin H. Martin, and that the conveyance was made subject to a $5,000 incumbrance.   The conveyance was not recorded and there was no change in the possession of the premises mentioned in the conveyance, Franklin H. Martin and his family, of which John Wesley Martin was a member, continuing in possession.   The record shows that the mortgage which was foreclosed was made to secure the debt mentioned in the conveyance.   It also shows that the proceedings were all regular and that the defendant was a good faith purchaser.

The decree is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.